**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 02-2210 |
| v. | (D. New Mexico) |
| ROBERT CASTANEDA, | (D.C. No. CR-01-1582-JP) |
| Defendant-Appellant. | |

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges.

This case involves Robert Castaneda's appeal of his conviction on two criminal charges related to the distribution of cocaine. Two issues are presented for review: (1) whether the trial court properly denied Castaneda's motions for acquittal and a new trial, and (2) whether the trial court abused its discretion in allowing the prosecution to reopen its case in order to explicitly identify Castaneda. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

On August 20, 2001, defendant Robert Castaneda drove into a United States Border Patrol checkpoint on Interstate 25 near Las Cruces, New Mexico, where he was stopped by Border Patrol Agent Fernando Contreras.  When Castaneda appeared nervous and gave inconsistent answers during routine questioning, Agent Contreras asked if he could search the trunk and Castaneda consented.  Castaneda then hit the trunk release button, which not only opened the trunk but apparently cut off the engine.  This caused Castaneda to appear increasingly nervous.  Upon request, Castaneda gave Agent Contreras consent to inspect the car with a police dog.  The dog detected drugs in the front of the car.

After the dog's inspection, additional agents opened the front hood so they could try to jump start the engine and move the car to a secondary inspection area out of the flow of traffic.  Upon opening the hood, they discovered that the battery was full of dirt and rocks, and a motorcycle battery had been rigged to power the car.  After further inspection of the shell of the car battery, Agent Contreras found bundles of white powder, which was later identified as cocaine.  Border Patrol agents arrested Castaneda, and later that evening turned him over to Agent Henry Shaw of the U.S. Customs Service.

Castaneda was indicted and tried before a jury on charges of conspiracy to possess with intent to distribute over 500 grams of cocaine in violation of 21

U.S.C. §§ 846 and 841(b)(1)(B), and possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

After both the prosecution and the defense had rested, Castaneda's attorney moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the evidence was insufficient to support a conviction because no agent had identified Castaneda as the person who had committed the crimes. The district court took the motion under advisement. The government then moved to reopen its case to recall Agent Shaw for the sole purpose of identifying Castaneda. Over Castaneda's objection, the district court granted the government's motion, and Agent Shaw answered two questions, identifying the defendant as the person whom he had taken into custody. The defense did not cross examine Agent Shaw or move to offer any other evidence, and the case was given to the jury.

The jury found Castaneda guilty on both counts. Castaneda then filed a motion for a new trial on the grounds that the trial court abused its discretion in allowing the government to reopen its case. The trial court denied this motion and the earlier Rule 29 motion, and ordered Castaneda into custody.

II.

We review de novo a district court's denial of a motion challenging the sufficiency of the evidence to support a conviction. *United States v. Almaraz*, 306 F.3d 1031, 1040 (10th Cir. 2002). In doing so we view the evidence in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (quotation omitted). Among the elements required for a criminal conviction, and the only one relevant to this appeal, is the identification of the defendant as the perpetrator. *See United States v. Skipworth*, 697 F.2d 281, 284 (10th Cir. 1983).

Our review of the trial record reveals ample evidence on which a rational trier of fact could have relied to find that Robert Castaneda was in fact the person found possessing the cocaine on August 20, 2001. At trial, the agents called to testify repeatedly referred to the person they had arrested as "Mr. Castaneda" or "the defendant." Defense counsel never objected to this clear correlation between Castaneda and the person the agents had arrested, and never presented any evidence that contradicted it. In fact, during cross-examination defense counsel asked one of the arresting agents how the agent was able to observe "my client's demeanor" at the checkpoint stop. The agent responded, "I could see him as plainly as I can see him sitting there, actually probably a little bit closer."

-4-

This evidence was sufficient to support a conclusion beyond a reasonable doubt that the person who had committed the crimes in question was indeed Robert Castaneda.

III.

Because we conclude that the evidence presented prior to the initial close of the prosecution's case was sufficiently strong to identify Castaneda, we need not reach Castaneda's second contention. The explicit identification presented after the reopening did not affect the outcome of the case, and therefore even if we were to assume that the court erred in allowing the prosecution to reopen its case, any such error was harmless. *See United States v. Toles*, 297 F.3d 959, 968 (10th Cir. 2002) (holding that appellate court should review error in trial procedure to determine if it was harmless beyond a reasonable doubt).

The judgment below is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge